IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **RENEE FEREBEE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-14-02451 |
| **TEMPLE HILLS POST OFFICE,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This action was brought by Plaintiff Renee Ferebee ("Plaintiff") against the Temple Hills Post Office ("Defendant") alleging mishandling of her mail and disrespectful treatment from Post Office personnel. This Memorandum and accompanying Order address Defendant's Motion to Dismiss, ECF No. 12, and supporting memorandum, ECF No. 12-1; as well as Plaintiff's opposition thereto, ECF No. 13. The Court finds that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**I.   BACKGROUND**

On March 3, 2014, Plaintiff went to the Temple Hills Post Office in Maryland to send a letter by certified mail to California. *See* ECF No. 2 at 2. Around that time, Plaintiff claims she had a verbal altercation with an employee of the Post Office. *See id.* Plaintiff also contends that she had another altercation with this same employee at the Suitland, Maryland Post Office on an earlier occasion. *See id.* As a result of these altercations, Plaintiff decided to transfer her P.O. Box to another Post Office location. *See id.*

Additionally, Plaintiff alleges that certain unspecified employees of the Temple Hills Maryland Post Office tampered with her mail causing her not receive various correspondences. *See id.* When Plaintiff inquired about her missing mail, she was informed that her P.O. Box had been closed by the Post Office. *See id.* Plaintiff informed the postal employees that she never received notice of a payment being due on her P.O. Box. *See id.* She further claims that payments on her P.O. Box were current, but that it was closed one month early. *Id.* at 3. Postal employees informed Plaintiff that "the system was backed up" and they were "short on staff" when discussing Plaintiff's concerns with her. *See id.* She also alleges incidents when her mail appeared to have been "opened and tap[]ed back shut," as well as ongoing poor service at the Temple Hills Post Office. *See id.* As a result of this, and other similar, alleged mistreatment, Plaintiff filed this action against Defendant seeking $2 billion in damages (*see* ECF No. 11 at 1), as well as an apology (*see* ECF No. 2 at 3). Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. *See* ECF No. 13.

## II.     STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D.Md.2010); *Khoury*, 268 F.Supp.2d at 606.

The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F. 3d at 647. In ruling on a motion under Rule 12(b)(1), the court "should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Ferdinand–Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**III.   DISCUSSION**

Although Plaintiff does not specify a cause of action in her complaint, the Court construes the complaint as arising under the Federal Torts Claim Act ("FTCA"). The FTCA confers jurisdiction on the district courts to hear claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place." 28 U.S.C. § 1346(b).

Defendant has moved to dismiss Plaintiff's FTCA claim for lack of subject matter jurisdiction on two grounds.  First, Defendant contends that Plaintiff failed to exhaust her administrative remedies prior to filing this action as required by the FTCA. *See* 28 U.S.C. 2675(a). Second, Defendant contends that Plaintiff's claim is barred under the doctrine of sovereign immunity pursuant to the FCTA's "postal matter exception" that immunizes the United States and the Postal Service from "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). For the reasons stated

below, the Court agrees with Defendant that the Court lacks subject matter jurisdiction to hear Plaintiff's claim. Accordingly, Plaintiff's complaint is dismissed without prejudice.

### A. Exhaustion of Remedies

This Court lacks jurisdiction over Plaintiff's claim of mistreatment and mishandling of her mail because Plaintiff has failed to exhaust her administrative remedies. To assert a claim against the United States or the Postal Service based on the FTCA, a plaintiff is required to first file an administrative tort claim. *See* 28 U.S.C. 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (The "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Specifically, a plaintiff must "present[ ] the claim to the appropriate Federal agency [and the claim must be] finally denied by the agency in writing," 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional. *See Ahmed v. United States,* 30 F.3 d 514, 516 (4th Cir. 1994) (citing H*enderson v. United States*, 785 F. 2d 121, 123 (4th Cir. 1986)).

Here, Defendant has provided a declaration from Kimberley Herbst, "Supervisor, Tort Claims Examiner/Adjudicator," stating that she "conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by or on behalf of [Plaintiff]. No such claim was discovered." ECF No. 12-2. Plaintiff, by failing to respond Defendant's argument regarding exhaustion, has conceded this point. *See Ferdinand–Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim). Accordingly, because the uncontested

evidence before the Court demonstrates that Plaintiff has failed to exhaust her administrative remedies before filing the instant action, Plaintiff's complaint must be dismissed.

### B. Sovereign Immunity

Plaintiff's FTCA claim is also barred by sovereign immunity. Although the Postal Reorganization Act (the "Act") transformed the United States Postal Service into an independent establishment of the executive branch, *see* 39 U.S.C. § 201, empowered to sue and be sued in its official name, *see* 39 U.S.C. § 401(1), the Act also provides that the FTCA "shall apply to tort claims arising out the activities of the Postal Service." 39 U.S.C. § 409(c). Importantly, however, the FTCA contains a provision commonly referred to as the "postal matter exception" that retains sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Defendant argues that Plaintiff's claim falls within this "postal matter exception" and should therefore be barred under the doctrine of sovereign immunity. *See* ECF No. 12 at 5-7. The Court agrees.

Plaintiff's damages are based on her allegations that her mail was missing from her P.O. Box (*i.e.* lost), was delivered late, and was opened and resealed (*i.e.* negligently transmitted). These allegations, however, fall within the FTCA's postal exception. *See Dolan v. United States Postal Service*, 546 U.S. 481, 487 (2006) (holding that the words "lost" and "miscarried" should be given their ordinary meaning – *i.e.*, "mail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address," and "negligent transmission" encompasses negligence "causing mail to be lost or to arrive late, in damaged condition, or at the wrong address"). Accordingly, Plaintiff's claim is barred by sovereign immunity and must be dismissed for this additional reason. *See e.g.*, *Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985) ("Anderson's tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it.");

*Gildor v. United States Postal Service*, 179 Fed. Appx. 756, 758-759 (2nd Cir. 2006) (affirming dismissal of plaintiff's tort claims alleging negligent misdelivery of his package); *McDonald v. United States Postal Service*, No. 12-2759, 2013 WL 140914, *1-2 (D. Md. Jan. 10, 2013) *aff'd*, 519 F. App'x 162 (4th Cir. 2013) (allegations of "non-delivery of mail" "falls within the postal matters exception to the FTCA's waiver of immunity, and must be dismissed for lack of subject matter jurisdiction"); *Whayne v. City of Topeka*, 959 F. Supp. 1375, 1377 (D. Kan. 1997) (dismissing suit for lack of jurisdiction where plaintiff alleged post office "opened, checked, and resealed his mail," lost or misplaced his mail"); *Smith v. United States Postal Service Inspector Gen.*, No. 06-01631, 2007 WL 537712, at *1 (E.D. Ark. Feb. 16, 2007) (sovereign immunity for post office despite allegations that "Defendants have opened, diverted, and failed to deliver his mail"), *aff'd sub nom. Smith v. Postal Serv.*, 310 F. App'x 932 (8th Cir. 2008); *Dillion v. United States Postal Service*, No. 94-3187, 1995 WL 447789, at *2 (S.D.N.Y. July 28, 1995) (sovereign immunity for post office despite allegations that plaintiff's "mail was consistently delivered late and often was delivered opened and taped together").

### IV. CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

Dated: October 20, 2014  /S/
George Jarrod Hazel
United States District Judge